ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| CONSEJO DE TITULARES DEL CONDOMINIO VISTA VERDE; ATTENURE HOLDINGS TRUST 11 y HRH PROPERTY HOLDINGS, LLC,<br><br>Peticionaria,<br><br>v.<br><br>TRIPLE-S PROPIEDAD, INC.,<br><br>Recurrida. | KLCE202400993 | *CERTIORARI* procedente de Tribunal de Primera Instancia, Sala Superior de San Juan.<br><br>Civil núm.: SJ2019CV08950.<br><br>Sobre: sentencia declaratoria, daños e incumplimiento de contrato. |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de octubre de 2024.

La parte peticionaria, compuesta por el Consejo de Titulares del Condominio Vista Verde (Condominio), *Attenure Holdings Trust 11* (Attenure Holdings) y *HRH Property Holdings, LLC* (HRH Property), instó el presente recurso de *certiorari* el 16 de septiembre de 2024. Nos solicita la revisión de la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 11 de julio de 2024. Mediante esta, el foro primario se dio por enterado de una moción para que se tomara conocimiento judicial presentada por Triple-S Propiedad, Inc. (Triple-S o recurrida).

I

El 3 de septiembre de 2019, la parte peticionaria presentó una demanda en contra de Triple-S[1]. En ella, alegó, entre otras causas de acción, daños e incumplimiento contractual; ello, relacionado con la póliza de propiedad comercial 30-CP-81082460-1, emitida a favor del Condominio para cubrir daños a la propiedad. En esencia, la reclamación judicial radica en la presunta negativa de Triple-S de pagar la indemnización

---

[1] *Véase*, apéndice del recurso, a las págs. 1-12.

Número identificador

RES2024_____

correspondiente, por concepto de los daños sufridos en el Condominio a causa del huracán María.

En lo atinente a la controversia ante nuestra consideración, el 10 de julio de 2024, la parte recurrida presentó una moción para que se tomara conocimiento judicial de una acusación criminal instada en contra del señor Austin Lee Tanner[2]. Triple-S adujo que el señor Tanner fungía como dueño y principal ejecutivo de la corporación ATA Consulting, Inc., la cual había prestado servicios de peritaje a la peticionaria Attenure Holdings en pleitos de naturaleza similar, incluido el caso del título.

La recurrida sostuvo que la acusación del señor Tanner resultaba meritoria, ya que, al momento de aquilatar y apreciar la prueba, el tribunal tendría que pasar juicio sobre la credibilidad y el valor probatorio del testimonio pericial que presentaría la parte peticionaria. Adicionalmente, precisó que la acusación del señor Tanner constituía un hecho adjudicativo y, a su vez, resultaba de fácil corroboración, dado que la información surgía de documentos oficiales.

El 11 de julio de 2024, el Tribunal de Primera Instancia se dio por enterado[3].

Más adelante, el 22 de julio de 2024, la parte peticionaria solicitó la reconsideración[4] de la orden. Adujo que el pliego acusatorio del señor Tanner no constituía un hecho adjudicativo en el caso. Sostuvo que la solicitud de la recurrida resultaba inflamatoria e irrelevante, en la medida en que los únicos peritos que habían sido anunciados eran los señores Andre Melo y Michael Wright (señor Wright). Es decir, que el señor Tanner no se desempeñaba como perito en el caso.

Por otro lado, la parte peticionaria sostuvo que Triple-S intentaba impugnar la credibilidad y el valor probatorio del testimonio del señor Wright de manera colateral, lo cual resultaba contrario al ordenamiento jurídico.

---

[2] *Véase*, apéndice del recurso, a las págs. 2063-2079.

[3] *Íd.*, a las págs. 2080-2081.

[4] *Íd.*, a las págs. 2082-2091.

Así pues, la parte peticionaria solicitó al tribunal *a quo* que se ordenase la eliminación del escrito presentado por Triple-S.

El 12 de agosto de 2024, la recurrida replicó, por orden del foro primario[5]. Adujo que su escrito para que se tomase conocimiento judicial estuvo motivado en el hecho de que el señor Wright mantenía una relación laboral con ATA Consulting. Precisó que, según la deposición que le fue tomada en otro caso, este señaló al señor Tanner como el dueño de ATA Consulting. A base de ello, sostuvo que el señor Tanner estuvo involucrado en asuntos relacionados al caso y mantenía una relación directa con el mismo. Por último, expresó que la acusación era pertinente a las defensas de fraude y sobrevaloración que planteó como defensas afirmativas en su contestación a la demanda.

El 16 de agosto de 2024, el Tribunal de Primera Instancia denegó la solicitud de reconsideración[6]. En su dictamen, el foro primario hizo constar lo siguiente: "Tomamos conocimiento judicial de la acusación contra el Sr. Austin Lee Tanner, independientemente de que el perito de la [d]emandante sea otro. El resto de las inferencias es materia que deberá probar Triple-S."[7]

Inconforme, el 16 de septiembre de 2024, la parte peticionaria instó este recurso de *certiorari*, en el que le imputó al tribunal haber incurrido en los siguientes errores:

> Erró el TPI al tomar conocimiento judicial sin que se cumplieran ninguno de los requisitos establecidos en la Regla 201 de Evidencia:
>
> a. La información no constituye un hecho adjudicativo susceptible de conocimiento judicial.
>
> b. Los hechos ocurridos fuera de esta jurisdicción [*sic*] por lo que no es de conocimiento general.
>
> Erró el TPI al tomar conocimiento judicial de unos hechos relacionados a un tercero, que no es perito en este caso, que Triple-S presentó para impugnar al perito de los peticionarios.

(Énfasis omitido).

---

[5] *Véase,* apéndice del recurso, a las págs. 2099-2196.

[6] *Íd.*, a las págs. 2197-2199.

[7] *Íd.*, a la pág. 2199.

Conforme le fuese ordenado, Triple-S presentó su oposición a la expedición del recurso el 7 de octubre de 2024.

Evaluadas los sendos escritos, este Tribunal deniega la expedición del auto.

## II

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. Véase, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

Ahora bien, la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción, o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986).

III

La parte peticionaria señala que el Tribunal de Primera Instancia erró al tomar conocimiento judicial de la acusación criminal del señor Tanner en el estado de Alabama. Apunta que la mencionada acusación no constituye un hecho adjudicativo en el caso y que tampoco está dirigida a los peritos anunciados. Esto último, aun cuando la solicitud para que se tomara conocimiento judicial fue presentada con el fin de impugnar el testimonio de los peritos de la parte peticionaria.

Por su parte, Triple S señala que la acusación sí constituye un hecho adjudicativo, pues dicho concepto incluye todas las alegaciones comprendidas en este caso, incluidas las defensas afirmativas planteadas. Subraya que la acusación guarda relación con las defensas de fraude y sobrevaloración que planteó al contestar la demanda.

Cónsono con los principios antes expuestos, para determinar si debemos expedir el auto de *certiorari*, nos corresponde analizar el asunto que se nos plantea a la luz de los criterios contenidos en la Regla 40 del Reglamento de este Tribunal de Apelaciones.

Realizado dicho análisis, no encontramos que, en su determinación, el foro primario haya incurrido en un abuso de discreción o que este haya actuado con el prejuicio o la parcialidad, que conlleve un fracaso de la justicia. Además, concluimos que la parte peticionaria no demostró que, intervenir en esta etapa, evitaría un perjuicio sustancial.

IV

A la luz de lo antes expuesto, este Tribunal deniega la expedición del auto de *certiorari*.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones